UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERESA HALL,<br>　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 5:15-cv-03894-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 9, 13 |

## I. INTRODUCTION

Plaintiff Theresa L. Hall ("Plaintiff") initiated this action to appeal the final decision of the Commissioner of Social Security ("Defendant") terminating disability benefits. The parties cross-move for summary judgment. Plaintiff contends that there is a lack of substantial evidence to support the cessation of benefits, and accordingly requests reversal and remand to reinstate benefits. In the alternative, Plaintiff requests a remand for further evaluation of her disability status. Defendant requests that the Court affirm the final decision, or in the alternative remand for further administrative proceedings. Having considered the motion papers and the administrative record, Plaintiff's motion is denied, and Defendant's motion is granted.

## II. BACKGROUND

Plaintiff was born September 14, 1963. At the time of her established onset of disability in April of 2005, Plaintiff was forty-one years old. In September of 2005, Plaintiff filed an

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1

application for disability benefits under Title II of the Social Security Act. An Administrative Law Judge ("ALJ") granted Plaintiff's application on April 27, 2007, based upon a finding that Plaintiff had disc herniation with radiculopathy and stenosis of the cervical spine that rendered her disabled. The ALJ determined that these impairments resulted in the residual functional capacity ("RFC") to perform sedentary work, as defined at 20 C.F.R. 404.1567(a), with a limitation to occasional extension, flexion and rotation of the neck, occasional bending, squatting, crouching, crawling and kneeling, and occasional fine and gross manipulation bilaterally. Further, the ALJ found that Plaintiff "is precluded from overhead work and would experience occasional difficulties with concentration, persistence or pace." AR 109. The ALJ found that Plaintiff was unable to perform past relevant work as a waitress and culinary manager and was unable to perform other work available in the national economy.

In approximately April of 2011, the Social Security Administration found that Plaintiff's condition had improved to such an extent that Plaintiff was able to perform light work as of June 1, 2011, and therefore Plaintiff was no longer eligible for disability benefits. In November of 2011, a Disability Hearing Officer heard Plaintiff's case and affirmed the cessation of benefits. Plaintiff appeared before an ALJ in January of 2013 and again in December of 2013. In a decision dated January 14, 2014, the ALJ also found that Plaintiff's disability eligibility ceased on June 1, 2011. In pertinent part, the ALJ found that the medical records supported a finding that as of June 1, 2011, Plaintiff had experienced a decrease in the medical severity of her impairments. Next, after considering the entire record, the ALJ made findings with respect to Plaintiff's RFC. The ALJ identified Plaintiff's medically determinable physical impairments and concluded that those impairments could reasonably have been expected to produce Plaintiff's symptoms. AR 18. The ALJ, however, found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible because of "claimant's inconsistent reports of symptoms; the long gap in the treatment record between 2007 and 2011; the claimant's admitted very limited need for prescribed pain medication for much of the treatment

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

2

record; the claimant's expressed lack of motivation to work; the claimant's lack of motivation to cease smoking and abusing alcohol; the claimant's non-compliance; the non-corroborative clinical findings; the non-corroborative diagnostic findings; and the claimant's activities of daily living." AR 18. Further, the ALJ found in pertinent part that Plaintiff's medical improvement was related to the ability to work because it resulted in an increase in Plaintiff's RFC, and that as of June 1, 2011, Plaintiff was able to perform a significant number of jobs in the national economy. AR 20. The Appeals Council upheld the ALJ's decision. Plaintiff now seeks judicial review pursuant to 42 U.S.C. §405(g).

### III. STANDARDS

The court has authority to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). When conducting such review, § 405(g) provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." Accordingly, the district court's jurisdiction is limited to determining whether the Commissioner's decision is supported by substantial evidence in the administrative record, and reversal is only appropriate where it is not supported by substantial evidence or the decision is based on legal error. See Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) ("We uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision."). "Substantial evidence" is more than a scintilla, but less than a preponderance. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The key inquiry is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the Commissioner. Richardson v. Perales, 402 U.S. 381, 401 (1971); Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Where evidence is susceptible of more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971). Moreover, in rendering findings, the Commissioner is entitled to draw inferences logically flowing from the evidence. See Beane v. Richardson, 457 F.2d 758 (9th Cir. 1972).

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## IV. DISCUSSION

Title 42 U.S.C. §423(f) defines the circumstances under which disability benefits will cease, and provides in pertinent part:

> A recipient of benefits under this subchapter or subchapter XVIII of this chapter based on the disability of any individual may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by—
>
> (1) substantial evidence which demonstrates that--
>
> (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
>
> (B) the individual is now able to engage in substantial gainful activity; . . . .

The term "medical improvement" is defined as: "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)." 20 C.F.R. §404.1594(b)(1). For purposes of determining whether a medical improvement has occurred, the ALJ compares the current medical severity of an impairment(s) to the severity of that impairment(s) present at the time of the most recent favorable medical decision finding the claimant disabled (also known as the "comparison point decision" or "CPD"). 20 C.F.R. §404.1594(b)(7). If medical improvement has occurred, the ALJ then compares the claimant's current functional capacity to do basic work activities (i.e., the claimant's RFC) with the claimant's prior RFC. Id.

To ensure that disability reviews are carried out in a uniform manner, an ALJ follows an eight step evaluation process that requires consideration of the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has an impairment or

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

4

combination of impairments that meets or equals the severity of an "impairment"; (3) whether there been "medical improvement"; (4) if there has been "medical improvement," whether it is related to the claimant's ability to do work, i.e. whether or not there has been an increase in the RFC based on the impairment(s) that was present at the time of the most recent favorable medical determination; (5) whether certain "exceptions" set forth in the Code of Federal Regulations apply; (6) if the "medical improvement" is shown to be related to the claimant's ability to do work (or if an "exception" applies), whether all of the claimant's current impairments in combination are "severe"; (7) if the claimant's impairment(s) is "severe," whether the claimant is able to perform past relevant work taking into consideration the claimant's RFC based on all current impairments, as well as the claimant's age, education, and past work experience; and (8) whether the claimant is able to perform other work. 20 C.F.R. 404.1594. In the present case, the ALJ completed the eight step analysis above and determined that Plaintiff's disability ended as of June 1, 2011.

Plaintiff raises four objections to the ALJ's determination. First, Plaintiff contends that the ALJ's RFC determination is not supported by the examining physician or advising medical expert. The ALJ determined that Plaintiff had the following RFC:

> [T]he claimant can lift 20 lbs. occasionally and 15 lbs. frequently. The claimant can stand and walk 4 hours out of 8 hours in a day. The claimant can sit 6 out of 8 hours in a day. The claimant is limited to occasional bending. The claimant is limited to frequent (not constant) use of the upper extremities. The claimant is limited to occasional overhead reaching. Due to COPD, the claimant must avoid concentration of fumes, dust, and other pulmonary irritants. Neck rotation would be reduced by 30% but would not preclude work at a desktop.

AR 16. Plaintiff contends that this RFC determination is unsupported because the doctors upon whom the ALJ relied for the RFC each provided more restrictive functional capacity assessments with respect to lifting. According to the assessment of medical expert Dr. Ronald Kendrick, upon which ALJ placed "great weight," Plaintiff was restricted to lifting 10 pounds frequently and 15

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

5

pounds occasionally. AR 39; Defendant's Motion, p. 2. According to the assessment of State consultative examiner, Dr. Lara Salamacha, upon which ALJ placed "significant weight," Plaintiff was restricted to lifting 5 pounds frequently and 10 pounds occasionally. AR 803; Defendant's Motion, p. 2.

Plaintiff's argument is unpersuasive. The Social Security Administrative Decision makes clear that the ALJ was relying upon the opinions of Dr. Kendrick and Dr. Salamacha only "to the extent they are consistent with the [ALJ's] assessed limitations." AR 19. The ALJ did not adopt, and was not required to adopt, the two opinions wholesale. See Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989), quoting Russell v. Bowen, 856 F.2d 81, 83 (9th Cir. 1988) ("It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'") Moreover, the ALJ cited substantial additional evidence to support the RFC determination. AR 13-19, 328-42, 563, 607, 633-707).

Second, Plaintiff contends that the ALJ erred at step three of the analysis when considering whether there was an improvement in the symptoms, signs, and/or laboratory findings associated with Plaintiff's impairment(s). 20 C.F.R. §404.1594(b)(1). Plaintiff contends that the ALJ was required, but failed, to compare medical findings from the CPD (April 27, 2007) to the present, including, but not limited to, MRIs from 2011 and Dr. Burt's medical findings of "decreased grip strength" and "an abnormal wrist finding of positive Tinel's in 2013." Plaintiff's Motion at 8.

These arguments are also unpersuasive. The ALJ's decision expressly includes consideration of the MRIs and Dr. Burt's medical findings, albeit in two separate sections: the medical improvement analysis and RFD analysis. Nevertheless, Plaintiff appears to contend that the ALJ erred because the MRIs and Dr. Burt's medical findings should have been considered in the medical improvement analysis, before the ALJ proceeded to the RFD analysis. The law is to the contrary. Section 404.1594(c)(2) is written in the disjunctive, providing for a medical improvement based on signs, symptoms or laboratory findings. This regulation has been interpreted to provide for a finding of medical improvement based on either objective or subjective

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

6

evidence. See Newbold v. Colvin, 718 F.3d 1257 (10th Cir. 2013). Further, Social Security Program Operations Manual System §28010.015 cited by Plaintiff weakens rather than supports Plaintiff's position because it specifically provides that "improvement in symptoms alone, without associated changes in signs or laboratory findings, may support an MI determination."

In analyzing medical improvement, the ALJ noted that an MRI from April 2005 revealed a C5-6 left paracentral moderately sized disc protrusion with central spinal stenosis and C6-7 annular bulge with osteophytic ridging causing central spinal canal stenosis and bilateral neural foraminal stenosis. AR 14. The ALJ next noted that after Plaintiff underwent cervical surgery in 2007, there was no evidence that Plaintiff sought any treatment for musculoskeletal symptoms. The ALJ found it reasonable to assume that the Plaintiff improved following surgery because Plaintiff did not require any treatment for a four-year period thereafter. The ALJ also noted that "it was not until the Administration notified the claimant that it was ceasing the claimant's disability that she began to complain of symptoms and seek treatment again." AR 15. Furthermore, the ALJ identified in detail substantial evidence that showed Plaintiff had experienced a medical improvement. AR 15-16. The ALJ also explained that very little weight was given to Dr. Burt's opinions because his opinions appeared to be offered as a qualified medical examiner rather than as a treating physician; he had very limited history with the Plaintiff; his opinions were not consistent with the consistent clinical findings of Plaintiff's treating providers; his opinions were not consistent with the findings of the consultative examiner; and his opinions were not consistent with the complete lack of medical records between the CPD and January 2011. AR 19. In sum, looking at the record as a whole, the ALJ's determination of medical improvement is supported by substantial evidence.

Third, Plaintiff contends that the ALJ was required, but failed, to set forth specific and legitimate reasons to explain the weight given to each medical opinion, including the opinions of Dr. Burt and Dr. Salamacha, who each examined Plaintiff once, and the opinion of medical expert Dr. Kendrick.

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

7

Notwithstanding Plaintiff's contention to the contrary, the administrative record makes clear that the ALJ carefully considered all medical opinions, including the opinions of Dr. Salamacha, Dr. Kendrick, and Dr. Burt. As discussed previously, the ALJ was not required to adopt Dr. Salamacha and Dr. Kendrick's findings in their entireties. Magallanes, 881 F.2d at 753. Further, the ALJ also forth specific, legitimate reasons to explain the weight given to each medical opinion. For example, the ALJ stated, "[t]he undersigned gives greater weight to the medical expert's opinion because the medical expert had access to the full record." AR 19. The ALJ also stated, "[t]he undersigned gives significant weight to the DDS medical consultant's opinions that the claimant would have limitations consistent with a restricted range of light work because it is generally consistent with the clinical and diagnostic findings. However, the undersigned gives greater weight to the medical expert's opinion because the medical expert had access to the full medical record and his opinion is better supported." Id. These are legitimate reasons to give a medical opinion greater weight. See Acolatse v. Astrue, 2013 WL 830786 (9th Cir. 2013) (holding that ALJ reasonably gave greater weight to the opinion of medical expert who reviewed the entire record). Further, as previously discussed, the ALJ stated several reasons for giving very little weight to the opinion of Dr. Burt.

Lastly, Plaintiff contends that the ALJ erred in failing to give proper consideration of evidence of Plaintiff's condition after June 11, 2011, the date of cessation of benefits. More specifically, Plaintiff contends that the ALJ provided "only cursory mention of significant, work-impairing medical evidence which was documented in the 31 months between June 1, 2011 and the date of the ALJ Decision [January 14, 2014]," including MRI scans of lumbar and cervical spines, a nerve conduction study, positive Phalens and Tinels tests, and a finding of "abnormal straight leg raising." Plaintiff's Motion at 11.

Plaintiff's characterization of the ALJ's review as "cursory" is inaccurate. The record shows that the ALJ considered evidence from the June 1, 2011 cessation date through the date of her decision, including, but not limited to, evidence of treatment in October 2011 after Plaintiff

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

8

tripped and fell, numerous progress reports from 2012, and many more Visit Summaries for medical appointments at the Mountain View Offices of the Palo Alto Medical Foundation throughout 2013. AR 13-19. The Administrative Record also contains a list of all medical records that the ALJ relied upon in rendering her decision, which includes records from June 1, 2011 through November 7, 2013. AR 24-26.

## V. CONCLUSION

The ALJ's decision is supported by substantial evidence in the administrative record and the applicable law. Accordingly, Plaintiff's motion for summary judgment (Docket No. 9) is DENIED and Defendant's motion for summary judgment (Docket No. 13) is GRANTED.

Judgment will be entered in favor the Commissioner and the clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 7, 2017

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:15-CV-03894-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

9